UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- X
White Beech SNC, LLC,                                           :
                                                                :
                              Plaintiff,                :  Case No.: 1:18-cv-4148
                                                                :
           -against-                                       :  **COMPLAINT**
                                                                :
                                                                :
Petroleos de Venezuela, S.A. and                                :
PDVSA Petroleo, S.A.,                                           :
                                                                :
                             Defendants.             :
------------------------------------------------------------------------------- X

      Plaintiff White Beech SNC, LLC ("Noteholder") by its attorneys Cohen Tauber Spievack & Wagner P.C., as and for its complaint against Petroleos de Venezuela, S.A. ("PDVSA" or "Issuer") and PDVSA Petroleo, S.A. ("Guarantor," together with Issuer, "Defendants") alleges as follows:

### NATURE OF THE ACTION

      1.     This is an action to enforce a note and guarantee in the amount of $25,001,065.96, plus interest, against Issuer and Guarantor, each of which unconditionally guaranteed payment and performance of the note in favor of Noteholder pursuant to a Note Agreement among Issuer, Guarantor and Noteholder (the "Agreement"). A copy of the Agreement is attached at Exhibit 1.

### THE PARTIES

      2.     Noteholder is a Delaware limited liability corporation.

      3.     Issuer is a corporation organized under the laws of the Bolivarian Republic of Venezuela with a principle place of business in Caracas, Venezuela.

      4.     Guarantor is a corporation organized under the laws of the Bolivarian Republic of Venezuela with a principle place of business in Caracas, Venezuela.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(2) in that the action is between a citizen of a state in the United States and citizens of a foreign state and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to Section 9.15(a) of the Agreement, which provides that "the Issuer and the Guarantor each hereby irrevocably and unconditionally submits . . . to the exclusive jurisdiction of any New York State Court or federal court of competent jurisdiction sitting in the County of New York, State of New York . . . in any action or proceeding arising out of or relating to this Agreement or the other Finance Documents."

7. Pursuant to Section 9.15 (b) of the Agreement, Defendants waived the defense of inconvenient forum.

8. Pursuant to Section 9.15(c) of the Agreement, Defendants waived any immunity each has or may have from jurisdiction in any court or from any legal process, and agreed not to assert by way of motion or defense or otherwise, "in any suit, action or proceeding the defense of sovereign immunity or any claim that it is not subject to the jurisdiction of [this Court] by reason of sovereign immunity or otherwise claim that it is immune from any legal process."

## THE FACTS

9. On or about October 4, 2016, PDVSA issued a Senior Guaranteed Note to SNC-Lavalin International Co. Inc. ("SNC-Lavalin") in the amount of $25,001,065.96, plus interest on the unpaid balance (the "Senior Guaranteed Note"). A copy of the Senior Guaranteed Note is attached at Exhibit 2.

10. On May 4, 2018, pursuant to Section 9.04 of the Agreement, SNC-Lavalin assigned all of its interest in the Senior Guaranteed Note to Noteholder. A copy of the Assignment and Acceptance is attached at Exhibit 3.

11. On May 8, 2018, pursuant to written notice to SNC-Lavalin and Defendants, Noteholder assumed the responsibilities as Administrative Agent under the Agreement.

12. Pursuant to Section 2.02 of the Agreement, PDVSA unconditionally promised to pay the Noteholder $25,001,065.96, plus interest on the unpaid balance, pursuant to the payment schedule set forth in Exhibit A to the Senior Guaranteed Note (the "Repayment Dates").

13. Section 2.03 provides that interest on the Senior Guaranteed Note is calculated "on the unpaid principal balance from and after [October 4, 2016], but excluding the date of repayment thereof, based on and computed on the actual number of days elapsed on a year of 365 days, at a rate per annum equal to six and one-half percent (6.50%)."

14. Section 2.04 of the Agreement provides that if PDVSA defaults in the payment of any principal or interest, the interest rate for all outstanding amounts under the Senior Guaranteed Note is 8.50%.

15. Section VI of the Agreement sets forth the terms of the guarantee by Guarantor (the "Guarantee").

16. Section 6.01 of the Guarantee provides as follows:

> Guarantor hereby agrees that it is jointly and severally liable for, and as primary obligor and not merely as surety, absolutely, irrevocably and unconditionally guarantees. . . the prompt payment when due, whether at stated maturity, upon acceleration or otherwise, and at all time thereafter, of the Obligations and all costs and expenses, including all court costs, and attorneys' and paralegals' fees. . ."

3

17. The Senior Guaranteed Note provides that in an "Event of Default" as defined in the Agreement, "the principal of this Note, together with all accrued and unpaid interest . . . may be declared . . . due and payable."

18. Pursuant to Section VII of the Agreement an "Event of Default," includes "the failure to pay the principal of, or interest on any of the Notes, when such principal becomes due and payable, including at any of the Repayment Dates, by acceleration or otherwise, and such failure continues for a period of five (5) days after written notice thereof has been given to PDVSA."

19. On the January 4, 2018 Repayment Date, Defendants failed to deliver payment of $3,534,739.75 (comprised of $3,125,133.25 in principal and $409,606.51 in interest), as required by the Agreement.

20. On January 5, 2018, SNC-Lavalin provided written Notice of Default and advised PDVSA that unless payment of $3,534,739.75 was delivered during the five-day period designated in Section VII of the Agreement, it would declare all outstanding Senior Guaranteed Notes to be immediately due and payable, together with accrued interest. A copy of the Notice of Default is attached at Exhibit 4.

21. Defendants did not make any payments during the five-day period.

22. By written notice on February 12, 2018, SNC-Lavalin informed Defendants that the unpaid principal amount of the Senior Guaranteed Note in the amount of $25,001,0065.96, together with all interest accrued thereon at the default rate of 8.50%, was immediately due and payable (the "Acceleration Notice"). A copy of the Acceleration Notice is attached at Exhibit 5.

23. Neither PDVSA nor Guarantor timely made payments pursuant to the terms of the Agreement and Senior Guaranteed Note, nor have they made any payment thereon to date.

4

**AS AND FOR A FIRST CAUSE OF ACTION**
**(against PDVSA)**

24. Plaintiff repeats the allegations of paragraphs 1 through 23 as though fully set forth herein.

25. The Agreement is a legally enforceable agreement by and between Noteholder and PDVSA.

26. Noteholder performed all of its obligations under the Agreement.

27. Pursuant to the terms of the Agreement PDVSA is obligated to pay to Noteholder the principal amount of $25,001,065.96 and interest at the default rate of 8.50% thereafter for as long as payment on the principal remains outstanding.  PDVSA failed to make the required payment under the Agreement.

28. By reason of the foregoing, there is due and owing by PDVSA to Noteholder, the sum of $25,001,065.96, plus interest, costs and expenses, including attorney's fees, in an amount to be determined.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(against PDVSA)**

29. Plaintiff repeats the allegations of paragraphs 1 through 28 as though fully set forth herein.

30. Pursuant to the terms of the Senior Guaranteed Note, PDVSA is obligated to pay to Noteholder the principal amount of $25,001,065.96 and interest at the default rate of 8.50% thereafter for as long as payment on the principal remains outstanding.  PDVSA failed to make the required payment under the Senior Guaranteed Note.

31. By reason of the foregoing, there is due and owing by PDVSA to Noteholder, the sum of $25,001,065.96, plus interest, costs and expenses, including attorney's fees, in an amount to be determined.

## AS AND FOR A THIRD CAUSE OF ACTION
**(against Guarantor)**

32. Plaintiff repeats the allegations of paragraphs 1 through 31 as though fully set forth herein.

33. The Agreement, which includes the Guarantee, is a legally enforceable agreement by and between Noteholder and Guarantor.

34. Noteholder performed all of its obligations under the Agreement.

35. Pursuant to the terms of the Guarantee, Guarantor is obligated to pay to Noteholder the principal amount of $25,001,065.96 and interest at the default rate of 8.50% thereafter for as long as payment on the principal remained outstanding.

36. Pursuant to the terms of the Guarantee, the Guarantor is liable for payments under the Agreement and Senior Guaranteed Notes. Guarantor has failed to make the required payment thereunder.

37. By reason of the foregoing, there is due and owing by Guarantor to Noteholder, the sum of $25,001,065.96, plus interest, costs and expenses, including attorney's fees, caused by or in any way relating to the enforcement of the Guarantee and collection thereon, in an amount to be determined.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the full amount of principal owed under the Senior Guaranteed Notes, plus interest thereon at a rate of 8.50%, as well as payment of reasonably attorneys' fees and costs, all in an amount to be proven, and for such other further relief that this Court deems just and proper.

Dated: New York, New York
        May 9, 2018

COHEN TAUBER SPIEVACK & WAGNER P.C.

By: *Sari E. Kolatch*
    Sari E. Kolatch
    420 Lexington Avenue
    Suite 2400
    New York, NY 10170
    (212) 586-5800
    skolatch@ctswlaw.com

7