# CURTIS

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

| | | | |
|---|---|---|---|
| Almaty | Houston | | Telephone +1 212 696 6000 |
| Ashgabat | London | 101 Park Avenue | Facsimile +1 212 697 1559 |
| Astana | Mexico City | New York, New York 10178-0061 | www.curtis.com |
| Beijing | Milan | | |
| Buenos Aires | Muscat | | |
| Dubai | Paris | | **Joseph D. Pizzurro** |
| Frankfurt | Rome | | Tel: +1 212 696 6196 |
| Geneva | Washington, D.C. | | Fax: +1 917 368 8996 |
| | | | E-Mail: jpizzurro@curtis.com |

February 1, 2019

**VIA ECF**

Honorable Paul G. Gardephe
Thurgood Marshal United States Courthouse
40 Foley Square
New York, NY 10007

        Re: *White Beech SNC, LLC v. Petroleos de Venezuela, S.A., et al.*
           **(No. 18-cv-4148): Status Report**

Dear Judge Gardephe:

      At the request of the Court, we write on behalf of Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("PPSA") to provide a status report in advance of the pretrial conference scheduled for February 7, 2019. On January 18, 2019, Plaintiff filed a letter requesting a pre-motion conference in anticipation of filing a motion for summary judgment. At that time, the parties were negotiating an amicable resolution of their dispute.

      However, on January 28, 2019, pursuant to Executive Order 13850 (Nov. 1, 2018), the U.S. Treasury Department's Office of Foreign Asset Control ("OFAC") designated PDVSA as a Specially Designated National ("SDN").

      As a result of that designation, all property and interests in property of PDVSA that "are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person … are blocked and may not be transferred, paid, exported, withdrawn or otherwise dealt in." Executive Order 13850, § 1(a). The Executive Order further prohibits any U.S. person from receiving funds from PDVSA. *Id.*, § 4(b). These restrictions and prohibitions also apply to PDVSA's subsidiary, PPSA, by operation of OFAC's "50% Rule," under which any entity owned 50% or more by an SDN is deemed an SDN. .

      There is no exception to the foregoing for settlement of litigation. OFAC regulations expressly prohibit U.S. persons from entering "into a settlement agreement or the enforcement of any lien, judgment, arbitral award, decree, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

property blocked" absent a specific license from OFAC.  31 C.F.R. § 591.506(c).  Accordingly, any settlement of the above-referenced action is impossible absent a specific license from OFAC.

   We have been informed by Plaintiff's counsel that Plaintiff intends to proceed with this action and to file a motion for summary judgment.

                Respectfully submitted,

                 /s/ *Joseph D. Pizzurro*
                 Joseph D. Pizzurro

cc: All counsel of record