UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WHITE BEECH SNC, LLC,

                     Plaintiff,                        18-CV-04148 (JAV)

       -v-                                     MEMORANDUM
                                            OPINION AND ORDER
PETROLEOS DE VENEZUELA, S.A., et al.,

                     Defendants.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

This dispute between Plaintiff White Beech SNC, LLC, ("Plaintiff" or "Noteholder") and Defendants Petróleos de Venezuela, S.A. ("PDVSA" and "Issuer") and PDVSA Petróleo, S.A. ("Petróleo" or "Guarantor") arises from PDVSA's alleged default under an agreement guaranteed by Petróleo. Now before the Court is Plaintiff's Motion to Lift the Stay of this matter. ECF No. 43. For the reasons that follow, the Motion to Lift the Stay is GRANTED.

## BACKGROUND

On May 9, 2018, Plaintiff White Beech SNC, LLC initiated this action against Defendants Petroleos De Venezuela, S.A. and PDVSA Petroleo, S.A., to enforce a note and guarantee in the amount of $25,001,065.96, plus interest. ECF No. 1 ("Compl."). Defendant Petroleos de Venezuela, S.A., served as the issuer of the note, with Defendant PDVSA Petroleo, S.A., serving as the guarantor. *Id.* at 1. According to Plaintiffs, both defendants unconditionally guaranteed payment and

performance of the note in favor of the noteholder pursuant to a Note Agreement among the parties. ECF No. 39 at 1.

By way of background, the Complaint alleges that on October 4, 2016, Defendant PDVSA issued a Senior Guaranteed Note to SNC-Lavalin International Co. Inc. ("SNC-Lavalin") in the amount of $25,001,065.96, plus interest. Compl., ¶ 9. On May 4, 2018, SNC-Lavalin assigned all of its interest in the Senior Guaranteed Note to White Beech SNC, LLC. *Id.*, ¶ 10. On May 8, 2018, pursuant to written notice to SNC-Lavalin and Defendants, White Beech SNC, LLC assumed the responsibilities as Administrative Agent under the Note Agreement among Issuer, Guarantor and Noteholder (the "Agreement"). *Id.*, ¶ 11.

The Agreement contained contract provisions which set the interest rate of the "unpaid principal balance from and after [October 4, 2016]" at a rate of 6.5%, unless Defendant PDVSA defaulted in the payment of the principal or interest, in which the rate would jump to 8.5%. *Id.*, ¶¶ 13-14. Another provision in the Agreement provided that the guarantor would be jointly and severally liable for the prompt payment when due. *Id.*, ¶16. In the event of a default, "the principal of this Note, together with all accrued and unpaid interest . . . may be declared . . . due and payable." *Id.*, ¶ 17. Further, "the failure to pay the principal of, or interest on any of the Notes, when such principal becomes due and payable, including at any of the Repayment Dates, by acceleration or otherwise, and such failure continues for a period of five (5) days after written notice thereof has been given to PDVSA." *Id.*, ¶ 18.

Plaintiff alleges that on January 4, 2018, the repayment date, Defendants failed to make a payment of "$3,534,739.75 (comprised of $3,125,133.25 in principal and $409,606.51 in interest)." *Id.*, ¶ 19. The next day, SNC-Lavalin provided a written Notice of Default, *id.*, Ex. 4, and advised Defendant PDVSA that "unless payment of $3,534,739.75 was delivered during the five-day period," it would declare the entire balance to be immediately due and payable, with interest. *Id.*, ¶ 20. Defendants allegedly did not make any payments during the five-day period, and therefore, on February 12, 2018, SNC-Lavalin informed Defendants that the "unpaid principal amount of the Senior Guaranteed Note in the amount of $25,001,0065.96 [sic], together with all interest accrued thereon at the default rate of 8.50%, was immediately due and payable." *Id.*, ¶¶ 21-22. This action was initiated approximately three months later.

On February 6, 2019, Judge Paul Gardephe stayed this case in light of an Executive Order that had been issued on November 1, 2018, Executive Order 13850 ("E.O. 13850"). ECF No. 33. Under E.O. 13850, the U.S. Treasury Department's Office of Foreign Asset Control ("OFAC") designated PDVSA as a Specially Designated National ("SDN"). ECF No. 30 at 1. As such, "all property and interests in property of PDVSA that 'are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person . . . are blocked and may not be transferred, paid, exported, withdrawn or otherwise dealt in.' Executive Order 13850, § 1(a)." *Id.* The

Executive Order further prohibited any U.S. person from receiving funds from PDVSA, and its subsidiary PPSA. *Id.*

Prior to the stay of this case, discovery in this matter had closed in January 2019. ECF No. 39 at 2. According to Plaintiff, "Defendants did not produce any documents, respond to interrogatories, or produce witnesses for depositions in response to the Request for Production of Documents, Interrogatories and Rule 30 (b)(6) deposition notices served by Plaintiff"; instead, "Defendants agreed to stipulate to the relevant facts in lieu of discovery." *Id.* The stipulation was thereafter finalized and executed by Defendants' corporate representative in January 2019 and Defendants did not serve discovery on Plaintiff. *See id.*

Plaintiff explained that the parties were in the midst of settlement negotiations when E.O. 13850 came into effect, which resulted in a halt to these finalizations because "OFAC regulations expressly prohibit U.S. persons from entering into a settlement agreement or otherwise affect property or interests of property that is blocked, absent a specific license from OFAC." *Id.* (citing 31 C.F.R. § 591.506 (c)).

On December 10, 2024, this case was reassigned to the undersigned. Shortly after the reassignment of this case, the parties filed a joint letter on January 3, 2025, updating the Court regarding the current state of play in this case and requesting that this case remain stayed for another 60-days. ECF No. 39 at 3. That same day, the Court ordered the parties to submit a joint status report on March 4, 2025. ECF No. 40. On March 4, 2025, the parties filed their joint letter. ECF No.

4

41. Plaintiff requested that the stay be lifted and that the case proceed to summary judgment, while Defendants requested that the stay continue in light of the recent inauguration of President Donald J. Trump and a desire for "greater clarity with respect to the Executive Branch's foreign policy towards Venezuela." ECF No. 41 at 1-2.

On March 5, 2025, this Court issued a scheduling order requiring Plaintiff to file its Motion to Lift the Stay by April 2, 2025. ECF No. 42. Plaintiff filed its Motion to Lift the Stay on April 2, 2025, ECF No. 43 ("Pl. Mot."), with a Memorandum of Law, ECF No. 44 ("Pl. Mem."), and a Declaration of Sari E. Kolatch, ECF No. 45 ("Kolatch Decl.") in support of its motion. Defendants filed their opposition on April 23, 2025. ECF No. 46 ("Defs. Opp."). Plaintiff filed its reply on April 30, 2025. ECF No. 47 ("Pl. Reply").

## LEGAL STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (alteration in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The decision to continue or lift the stay is a matter within this Court's discretion." *In re KIND LLC*, 287 F. Supp. 3d 457, 468-69 (S.D.N.Y. 2018) (citing *Ratner v. Chem. Bank N.Y. Trust Co.*, 309 F.Supp. 983, 986 (S.D.N.Y. 1969)); *see also Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc.*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995).

"In determining whether a stay is appropriate, the Court must consider whether the 'interests of efficient judicial administration and comprehensive disposition of litigation' is better served through an order to stay the proceedings." *Red Tree Investments, LLC v. Petróleos de Venezuela*, S.A., 19-cv-2523 (AJN), 2020 WL 209276, at *1 (S.D.N.Y. Jan. 14, 2020) (quoting *New York v. Blank*, 1991 WL 208883, at *11 (N.D.N.Y. Oct. 10, 1991)). "Accordingly, this Court must keep in mind the factors it discussed in ordering the stay in the first place." *In re KIND*, 15-MD-2645 (WHP), 15-MC-2645 (WHP), 2019 WL 542834, at *3 (S.D.N.Y. Feb. 11, 2019).

## DISCUSSION

Courts in this district consider five factors in weighing whether to stay a proceeding: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). The Court must balance these five factors, "with the principal objective being the avoidance of unfair prejudice." *Consumer Fin. Prot. Bureau v. Credit Acceptance Corp.*, No. 23 Civ. 38 (JHR), 2023 WL 5013303, at *2 (S.D.N.Y. Aug. 7, 2023).

The Court agrees that the first consideration weighs in favor of Plaintiff. The original rationale for the stay, the issuance of the Executive Order, no longer applies. OFAC has clarified that a license is not required to "initiate or continue

6

U.S. legal proceedings against a person designated or blocked pursuant to the Venezuela Sanctions Regulations . . . or for a U.S. court, or its personnel, to hear such a case." United States Dep't of Treasury, OFAC FAQ No. 808, https://ofac.treasury.gov/faqs/808. (Last accessed May 30, 2025).  Plaintiff cites numerous cases in this district which have denied motions for a stay due to the sanctions regulations or political upheaval in Venezuela, and there are numerous pending cases in this district against both Venezuela and PDVSA.  Pl. Mem. at 4-5.  Defendants' opposition, in contrast, is devoid of any legal authority or case law as to why it is appropriate for a stay to remain in place.  *See* Defs. Opp.

Accordingly, an indefinite stay of this litigation would unfairly prejudice Plaintiffs.  *See State Farm Mut. Auto. Ins. Co. v. Mittal*, No. 16 Civ. 4948, 2018 WL 3127155, at *3 (E.D.N.Y. June 25, 2018).  Indeed, it has already been years since this case was stayed.  The Court cannot continue to allow this case to remain in limbo.  "'It may take years to stabilize the country and fully transition to another political regime' in Venezuela" and "[w]hile the Court is mindful of the political upheaval and attendant economic and humanitarian crises Venezuela is currently experiencing, 'it would not be appropriate or fair to the plaintiff to stay [this] case indefinitely'."  *Red Tree Investments,* LLC, 2020 WL 209276, at *3 (citing *OI European Group B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51, 56 (D.D.C. 2019) (denying Venezuela's counter-motion for a 120-day stay).

The second factor similarly weighs in favor of Plaintiff.  As stated before, other cases comparable to the instant case have been permitted to proceed, and as

7

such, it does not appear that lifting this stay will impose a great burden on the Defendants.  Indeed, in a similar case that was permitted to proceed, a plaintiff sued PDVSA Petróleo, S.A. as the guarantor for PSVSA's payment obligations for debt subject to a promissory note issued before August 25, 2017.  *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A.*, 19-cv-2519(PKC), 19-cv-2523 (PKC), 2021 WL 6092462, at *1 (S.D.N.Y. Dec. 22, 2021), *aff'd,* 82 F.4th 161 (2d Cir. 2023).  There, the court found that "payments to [plaintiff] or its predecessor were not barred by the sanctions." *Id.* at *5.

"The other factors—the interests of the courts, the interests of persons not parties to the civil litigation, and the public interest—are either neutral or weigh in favor of [lifting] the stay." *Export-Import Bank of U.S. v. Hi-Films S.A. de C.V.*, No. 09 Civ 3573 (PGG), 2010 WL 3743826, at *13 (S.D.N.Y. Sept. 24, 2010) (citing *Motorola, Inc. v. Abeckaser*, No. 07-CV-3963 (CPS)(SMG), 2009 WL 816343, at *3 (E.D.N.Y. Mar. 26, 2009)  ("[A] court's interest is usually best served by discouraging motions to stay....Courts have an interest in managing their cases and efficiently resolving litigation.") (cleaned up).

## CONCLUSION

Accordingly, the Motion to Lift the Stay is GRANTED. The Clerk of Court is directed to terminate the stay in this matter and to terminate ECF No. 43. The parties shall submit a letter proposing a briefing schedule for Plaintiff's summary judgment motion within one week of this Order.

SO ORDERED.

Dated: June 2, 2025                _____
     New York, New York            JEANNETTE A. VARGAS
                                                United States District Judge