USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

White Beech SNC, LLC,

Plaintiff,

-against-

Petróleos de Venezuela, S.A. and
PDVSA Petróleo, S.A.,

Defendants.

Case No.: 1:18-cv-4148

RECEIVED
SDNY PRO SE OFFICE
2026 OCT 14 AM 11:05

## ASSIGNMENT OF JUDGMENT

THIS ASSIGNMENT OF JUDGMENT (the "Assignment") is made by White Beech SNC, LLC ("Assignor") as of the date set forth below:

WHEREAS, on October 6, 2025, the United States District Court for the Southern District of New York entered judgment (the "Judgment") in favor of White Beech SNC, LLC ("Assignor") and against Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A., jointly and severally, consisting of (i) $42,239,497.71, together with post-judgment interest thereon at the rate of 8.5% per annum, computed on the basis of the actual number of days elapsed in a year of 365 days in accordance with Section 2.04 of the Note Agreement, and (ii) attorneys' fees and expenses in the amount of $84,837.79, together with interest thereon in accordance with 28 U.S.C. § 1961 (attached as Exhibit A);

WHEREAS, no part of the Judgment has been collected by Assignor or otherwise paid, satisfied, released, discharged, or reduced, and the full principal amount of $42,239,497.71 together with all accrued and accruing post-judgment interest thereon remains outstanding, and

the full award for attorneys' fees and expenses in the amount of $84,837.79 together with all accrued and accruing post-judgment interest thereon remains outstanding.

WHEREAS Assignor wishes to assign one hundred percent (100%) of the Judgment and all rights associated with such Judgment.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor agrees as follows:

1. Assignment and Transfer. Effective as of the date hereof, Assignor hereby irrevocably transfers, conveys, and assigns to TMX Asset Advisory Ltd. (the "Assignee"), free and clear of any lien, security interest, pledge, attachment, adverse claim, or other encumbrance, the entirety of Assignor's right, title, and interest in and to the Judgment, including (i) the $42,239,497.71 awarded under the Judgment, together with all post-judgment interest thereon at the rate of 8.5% per annum, computed on the basis of the actual number of days elapsed in a year of 365 days in accordance with Section 2.04 of the Note Agreement, accrued from October 6, 2025 through the date hereof and accruing thereafter until collected, and (ii) the $84,837.79 awarded for attorneys' fees and expenses, together with all interest thereon accruing in accordance with 28 U.S.C. § 1961 from October 6, 2025 through the date hereof and accruing thereafter until collected, in each case together with all rights and remedies associated therewith, including all rights to seek recognition, registration, domestication, enforcement, collection, execution, or other realization upon the Judgment in any jurisdiction, to the extent permitted by applicable law.

2. Authority and Ownership. Assignor represents and warrants that it is the holder of one hundred percent (100%) of the Judgment and has not previously assigned or transferred legal title to any portion of the Judgment. Assignor further represents and warrants that it has full

right, power, and authority to make the assignment set forth herein and that the Judgment is not subject to any lien, security interest, pledge, attachment, adverse claim, or other encumbrance.

3. No Action by Assignor. Assignor shall not take any action to collect or receive the Judgment nor release or discharge the Judgment.

4. Further Assurances. Assignor shall, at Assignee's request, execute any additional documents necessary to confirm or give effect to this Assignment. For the avoidance of doubt, Assignor shall have no obligation to participate in or assist with any action or proceeding relating to the recognition, enforcement, collection, compromise, settlement, or realization of the Judgment, except to execute documents necessary to confirm Assignee's ownership of the assigned interest. Assignor shall not be required to incur any cost, expense, or attorneys' fees in connection with any request or obligation under this Section 4 unless Assignee first advances or reimburses those amounts.

5. Successors and Assigns. This Assignment shall be binding upon Assignor and its successors and assigns and shall inure to the benefit of the Assignee and its successors and assigns.

6. Governing Law. This Assignment is governed by and shall be construed in accordance with the substantive laws (and not the choice of law rules) of the State of New York.

7. No Recourse. Except as expressly provided herein, this Assignment is made without recourse or representation, and Assignor does not guarantee payment of the assigned Judgment.

SIGNATURE PAGE TO FOLLOW

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Judgment as of the date set forth below.

WHITE BEECH SNC, LLC

Toni Healey
Authorized Signatory

Date: 10/07/2026

**ACKNOWLEDGMENT**

STATE OF NEW YORK

COUNTY OF NEW YORK

On this 7 day of October 2026, before me, the undersigned personally appeared Toni Healey, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity as Authorized Signatory of White Beech SNC LLC, and that by his signature on the instrument, White Beech SNC LLC, on behalf of which the individual acted, executed the instrument.

Notary Public

ALEXUS UNIQUE ULRICH
Notary Public - State of New York
NO. 01UL0007109
Qualified in New York County
My Commission Expires May 10, 2027

**EXHIBIT A**

**COPY OF JUDGMENT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

White Beech SNC, LLC,

Plaintiff,

-against-

Petróleos de Venezuela, S.A. and
PDVSA Petróleo, S.A.,

Defendants.

---------------------------------------------------------------- X

Case No.: 1:18-cv-4148

**JUDGMENT**

WHEREAS, Plaintiffs moved for summary judgment and Defendants responded that they do not oppose the entry of judgment in Plaintiff White Beech SNC, LLC's favor for unpaid principal and interest but reserved the right to object to the amount and method of calculation of interest after Plaintiff submits a proposed judgment;

WHEREAS, Defendants also responded that they did not oppose the entry of judgment for reasonable attorneys' fees and expenses;

WHEREAS, Defendants have had an opportunity to review Plaintiff's calculation of interest and the reasonableness of attorneys' fees and expense; and

WHEREAS, the Parties agree to the entry of judgment as set forth below.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of White Beech SNC, LLC. against Defendants Petróleos de Venezuela, S.A., and PDVSA Petróleo, S.A., joint and severally in the amount of **$ 42,239,497.71** with interest accruing daily in the amount of **$5,960.04** after October 6, 2025, until judgment is entered, plus post-judgment

interest at the rate of 8.5% per annum computed on the basis of actual number of days elapsed on a year of 365 days in accordance with Section 2.04 of the Note Agreement; and it is further

ORDERED that ordered that judgment is entered in favor of White Beech SNC, LLC for attorneys' fees and expenses in the amount of **$84,837.79**, in accordance with Section 9.05 of the Note Agreement, with interest accruing on this amount in accordance with 28 U.S.C. § 1961.

The Clerk of Court is directed to close this case and terminate all pending motions.

Dated: October 6, 2025
New York, New York

Jeannette Vargas

Hon. Jeannette A. Vargas
United States District Judge